UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID R. HOWSON,

    Plaintiff,

    v.

JAIL DIRECTOR KARAFA, *et al.*,

    Defendants.

Civil Action 2:21-cv-5199
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff David R. Howson's Application to Proceed *In Forma Pauperis*. (ECF No. 3.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to

proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014). Courts also "consistently consider[] his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members, as well as equity in real estate and automobiles." *Levet v. Comm'r of Soc. Sec.*, No. 1:14-cv-1379, 2014 WL 3508893, at *2 (S.D. Ohio July 14, 2014) (internal quotation marks and citations omitted).

Here, the information set forth in Plaintiff's *in forma pauperis* application does not demonstrate his inability to pay. Plaintiff states on his application that he has cash on hand or in a checking, savings, or other account in the amount of $18,000, and that he owns approximately $10,000 in personal real estate equity. (ECF No. 3 at PAGEID # 12.) Plaintiff states that the $18,000 is "needed for other legal expenses." Yet, the Court cannot look past Plaintiff's assets on this naked assertion. To the extent Plaintiff believes that his $18,000 would be better suited for other legal expenses, that is his decision to make – not the Court's. *See Schottenstein v. City of Bexley*, No. 2:20-CV-6133, 2021 WL 431459, at *2 (S.D. Ohio Jan. 5, 2021), *report and recommendation adopted*, No. 2:20-CV-6133, 2021 WL 427159 (S.D. Ohio Feb. 8, 2021) ("[T]his is a case in which Plaintiff must weigh the financial constraints posed by pursuing his complaint against the merits of his claims.") (internal quotation marks and citations omitted).

Accordingly, based on Plaintiff's representations, it does not appear that paying the one-time filing fee would cause Plaintiff to be deprived the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social

security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee"). It is therefore **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) be **DENIED**. If this recommendation is adopted, it is further **RECOMMENDED** that Plaintiff be required to pay the filing fee within **FOURTEEN (14) DAYS** of adoption.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date:   December 3, 2021                             /s/ *Elizabeth A. Preston Deavers*
                                                     ELIZABETH A. PRESTON DEAVERS
                                                     UNITED STATES MAGISTRATE JUDGE