UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID R. HOWSON,**

    **Plaintiff,**

                              **Civil Action 2:21-cv-5199**
**v.**                            **Judge Michael H. Watson**
                              **Magistrate Judge Elizabeth P. Deavers**

**JAIL DIRECTOR KARAFA,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

On February 7, 2022, the Court directed Plaintiff to pay the applicable $402.00 filing fee and to file an Amended Complaint within thirty (30) days. (ECF No. 14.) On March 16, 2022, the Court directed Plaintiff to comply with the Court's February 7, 2022 Order within fourteen (14) days, and warned Plaintiff that "failure to comply with this Order may result in dismissal of this action for want of prosecution." (ECF No. 16.) On April 6, 2022, the Court again directed Plaintiff to comply with the Court's February 7, 2022 Order within fourteen (14) days, and again warned Plaintiff that "failure to do so will result in the recommendation that his case be dismissed for failure to prosecute." (ECF No. 19.) On April 28, 2022, the Court noted that "between April 13, 2022 and April 17, 2022, the Clerk's Office communicated by email with an individual who was attempting to pay the $402.00 filing fee on Plaintiff's behalf," but that the filing fee remained unpaid. (ECF No. 20.) Recognizing Plaintiff's apparent attempt to pay the filing fee, the Court again directed Plaintiff to pay the filing fee within seven (7) days, and again cautioned Plaintiff that "failure to do so will result in the recommendation that his case be dismissed for want of prosecution." (*Id.*) To date, Plaintiff still has not complied with the

Court's February 7, 2022, March 16, 2022, April 6, 2022, or April 28, 2022 Orders. (ECF Nos. 14, 16, 19, 20.)

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

On February 7, 2022, March 16, 2022, April 6, 2022, and April 28, 2022, the Court expressly cautioned Plaintiff that failure to comply with the Court's Orders may result in dismissal for failure to prosecute. (ECF Nos. 14, 16, 19, 20.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants **WITHOUT PREJUDICE** under Rule 41(b).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: May 10, 2022**　　　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**